PROB 12C
(Rev. 2011)

# United States District Court
## for
## Middle District of Tennessee
## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: <u>Aubrey Shantae Amos</u>  Case Number: <u>1:05-00006</u>

Name of Current Judicial Officer: <u>The Honorable Todd J. Campbell, U.S. District Judge</u>

Name of Sentencing Judicial Officer: <u>The Honorable William J. Haynes, Jr., Senior U.S. District Judge</u>

Date of Original Sentence: <u>November 21, 2005</u>

Original Offense: <u>18 U.S.C. § 922(g)(1) - Felon in Possession of a Firearm</u>

Original Sentence: <u>120 months' imprisonment, followed by 5 years' supervised release</u>

First Revocation Sentence: <u>Sentenced to eight months' custody, followed by supervised release until February 5, 2017</u>

Type of Supervision: <u>Supervised Release</u>  Date Supervision Commenced: <u>February 6, 2014</u>

Date Supervision Recommenced: <u>June 10, 2016</u>

Assistant U.S. Attorney: <u>Van Vincent</u>  Defense Attorney: <u>Michael C. Holley</u>

### PETITIONING THE COURT

■ To issue a Summons.
☐ To issue a Warrant.

**THE COURT ORDERS:**

☒ The Issuance of a Summons
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☐ No Action
☐ Other

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_/s/ Dariel Blackledge_

Dariel S. Blackledge
Sr. U.S. Probation Officer

Considered this <u>26</u> day of <u>Aug</u>, 2016, and made a part of the records in the above case.

_/s/ Todd Campbell_
Todd J. Campbell
U. S. District Judge

Place  <u>Nashville, TN</u>

Date  <u>August 19, 2016</u>

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.   **Shall not commit another federal, state, or local crime.**

On August 10, 2016, at approximately 1:40 a.m., Columbia Police Department officers were patrolling the Land Mark Apartments, located in Columbia, Tennessee. The officers initially heard loud music blaring from an area approximately 50 feet from their location. A gold Chevrolet Malibu was observed as it drove towards the officers with music playing at an amplified volume. One officer flagged down the vehicle and encountered the driver of the vehicle, who was identified as Aubrey Amos, Sr. The officer asked Mr. Amos for his driver's license and proof of insurance. Mr. Amos advised the officer that he did not have a license, at which time the officer ordered him to turn off the vehicle. The offender floored the gas pedal and accelerated out of the parking lot. Mr. Amos is charged with Excessive Noise from a Motor Vehicle, a Class C misdemeanor punishable by a $50 fine, and Evading Arrest, a Class E felony punishable by confinement for not less than 30 days, in the Maury County, Tennessee, General Sessions Court (Case No. 2016-CR-3783).

2.   **Shall refrain from any unlawful use of a controlled substance:**

On August 4, 2016, the offender reported to the U.S. Probation and Pretrial Services Office in Columbia, Tennessee, and provided a urine screen that was submitted to Alere Laboratories, Gretna, Louisiana, and confirmed positive for the presence of marijuana. Mr. Amos admitted that on or about July 18, 2016, he smoked a marijuana "blunt" cigarette.

3.   **Shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer:**

Mr. Amos failed to advise his supervising officer that he had law enforcement contact on August 10, 2016.

**Compliance with Supervision Conditions and Prior Interventions:**

Aubrey Amos is a resident of Maury County, Tennessee, and has been under the federal supervision of the U.S. Probation Office since February 6, 2014. He is employed with Tennessee Wholesale Furniture, Columbia, Tennessee. He lives with his parents in Columbia, Tennessee. The probation officer completes frequent surprise home/employment visits. Mr. Amos participates in the code-a-phone program for substance abuse testing.

On August 1, 2014, a petition was submitted notifying The Honorable William J. Haynes, Jr., Senior U.S. District Judge, of a positive urine screen and a missed random urine screen. Said petition was signed by Judge Haynes on August 4, 2014, ordering no action be taken and Mr. Amos be continued on supervised release.

On January 23, 2015, a petition was submitted notifying Judge Haynes of a citation for simple possession of crack cocaine and failure to notify the probation officer of law enforcement contact. Said petition was signed on January 23, 2015, and no action was ordered.

On March 31, 2015, a petition was submitted notifying Judge Haynes of a citation for Driving Under the Influence, Possession of a Schedule IV Controlled Substance, Open Container Violation, and Implied Consent. Said petition was signed by Judge Haynes on April 6, 2015, and a Summons was issued.

On September 16, 2015, the petition was amended to include the offender's recent missed drug screens and his arrest for Simple Assault. Said petition was signed by Your Honor on September 17, 2015, ordering the additional violation be considered at the revocation hearing scheduled for September 28, 2015.

On September 28, 2015, the offender appeared before Your Honor, and he conceded to three of the four violations. His supervised release was revoked, and Mr. Amos was sentenced to 8 months' custody, followed by supervised release until February 7, 2017.

**Update on Offender Characteristics:**

Mr. Amos' most recent term of supervised release began on June 10, 2016. He is a resident of Maury County, Tennessee, and he lives with his parents. Mr. Amos is employed full-time at Tennessee Wholesale Furniture, located in Spring Hill, Tennessee. The offender participates in the code-a-phone program for substance abuse testing and substance abuse treatment. The probation officer completes frequent unannounced home visits at the offender's residence.

**U.S. Probation Officer Recommendation:**

Due to Mr. Amos' admitted use of marijuana, his alleged criminal conduct on August 10, 2016, and his failure to advise this officer of the law enforcement contact, it is respectfully recommended that a Summons be issued ordering the offender to appear before Your Honor to answer to the violations outlined above. The U.S. Attorney's Office has been advised of the offender's non-compliance and concurs with this recommendation.

Approved: _____
Vidette A. Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. AUBREY SHANTAE AMOS, CASE NO. 1:05-00006

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** JULY 17, 2004     Violent Crime Control and Law Enforcement Act

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 8-14 months U.S.S.G. § 7B1.4(a) | None |
| **SUPERVISED RELEASE:** | 3 years less any term of imprisonment *18 U.S.C. § 3583(h)* | 1 to 3 years U.S.S.G.§ 5D1.2(a)(2) | None |

**Statutory Provisions:** Revocation is mandatory if the Court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection(d). 18 U.S.C. § 3583(g)(1). The Court shall consider whether the availability of appropriate substance abuse treatment programs or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583(d).

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h). Upon revocation of supervised release, the defendant faces imprisonment of up to two years, pursuant to 18 U.S.C. §3583(e)(3).

**Guideline Policy Statements:** In the case of a Grade C violation where the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is at least six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. U.S.S.G. § 7B1.3(c)(2).

Petition for Warrant or Summons for
Offender Under Supervision

Page 5

Respectfully Submitted,

Dariel S. Blackledge
Sr. U.S. Probation Officer

Approved:    Vidette A. Putman
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Amos, Aubrey Shantae

2. **Docket Number** *(Year-Sequence-Defendant No.)* 1:05-CR-00006

3. **District/Office** Middle District of TN/ Nashville

4. **Original Sentence Date** 11 / 21 / 2005
                                   month   day    year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | Shall not commit another federal, state, or local crime | C |
   | Shall refrain from any unlawful use of a controlled substance | C |
   | Shall notify the PO w/in 72-hours of being arrested/questioned by a LE officer | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*    **C**

9. **Criminal History Category** *(see §7B1.4(a))*    **VI**

10. **Range of Imprisonment** *(see §7B1.4(a))*    **8-14 months**

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** null null

12. **Unsatisfied Conditions of Original Sentence**

   List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

   Restitution($) _____     Community Confinement _____

   Fine($)        _____     Home Detention          _____

   Other          _____     Intermittent Confinement _____

13. **Supervised Release**

   If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

   Term: _____ to _____ years

   If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

   Period of supervised release to be served following release from imprisonment: _3 yrs less any term of imprisonment_

14. **Departure**

   List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _8_ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002